RECEIVED
JUL 1 9 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| AMY MAY | CIVIL ACTION NUMBER 06-380 |
| VERSUS | JUDGE DOHERTY |
| SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE METHVIN |

## JUDGMENT

Before the Court is the Commissioner's objection to the Magistrate Judge's Report and Recommendation. The Commissioner urges this Court to affirm the Administrative Law Judge's decision holding claimant is not disabled, as that term is defined under the Social Security Act, 42 U.S.C. §§ 401 et seq. Following a review of the pleadings, memoranda, the record below, the Report and Recommendation, and the applicable law, the Court declines to adopt the Report and Recommendation of the Magistrate Judge. For the reasons set forth below, the Commissioner's decision is AFFIRMED.

### Background

Claimant, Amy May, is thirty-two years old, with a high school special education and no past substantial employment. On July 23, 2000, Administrative Law Judge ("ALJ") Neil White, Jr. found claimant to be disabled, and therefore entitled to Supplement Security Income benefits ("SSI") with an onset date of September 1, 1998. Claimant's case was subsequently reviewed as part of a standard continuing disability review. Pursuant to that review, on April 1, 2004, a Notice of Disability Cessation letter was sent to claimant, advising her disability benefits would terminate on June 30, 2004 due to medical improvement of her original

impairments and her ability to return to work. Claimant requested reconsideration, and a hearing was held before ALJ Lawrence Ragona on July 25, 2005. On August 25, 2005, the ALJ issued a decision finding claimant's disability ceased as of April 1, 2004, due to her condition having medically improved to the extent she could perform a significant number of jobs in the economy.

This appeal followed, and the matter was referred to the Magistrate Judge for a Report and Recommendation pursuant to this Court's standing order, SO 3.621. The Magistrate Judge recommends the ALJ's decision be reversed, concluding "the ALJ erred in determining that May had medically improved and was no longer entitled to SSI benefits." [Doc. 12, p. 16] The Magistrate Judge additionally concludes the ALJ erred in finding claimant "could perform substantial gainful activity that exists in significant numbers... ." [Id.] In accordance with 28 U.S.C. § 636 (b)(1) and LR 74.1W, this Court shall conduct a de novo review of those portions of the Report and Recommendation to which counsel objects.

## Analysis

This Court's standard of review is restricted under 42 U.S.C. § 405(g) to two inquiries: (1) whether the Commissioner's decision is supported by substantial evidence in the record; and (2) whether the Commissioner's decision comports with relevant legal standards. Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000).

> Substantial evidence is something more than a scintilla, but less than a preponderance. Alternatively, substantial evidence may be described as that quantum of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. "The court does not re-weigh the evidence in the record, try the issues de novo, or substitute its judgment for the Commissioners, even if the evidence weighs against the Commissioner's decision. Conflicts in the evidence are for the Commissioner to resolve."

Carey at 135 (quoting Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999)). A finding of "'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (quoting Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

In the Benefits Review Act of 1984, 42 U.S.C. § 423(f), Congress established specific standards for the termination of disability benefits. Pursuant to those standards, the Commissioner may terminate disability benefits if substantial evidence demonstrates: "(A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and (B) the individual is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1); *see also* Griego v. Sullivan, 940 F.2d 942, 944 (5th Cir. 1991).[1]

In the instant matter, the ALJ asserts there is found substantial evidence to demonstrate medical improvement in claimant's impairment, and claimant is currently able to engage in substantial gainful activity. In reaching this conclusion, the ALJ evaluated all of the medical opinions of record (including those of plaintiff's treating physician), as well as other medical and non-medical evidence and testimony submitted prior to and at the hearing (i.e., the State Agency Physician's Mental Residual Functional Capacity Assessment, claimant and her father's testimony, and testimony of Charles E. Smith, "an impartial vocational expert.") [Doc. 1-2, p. 9] In evaluating the medical opinions of record, the ALJ noted "a medical opinion provided by a treating physician must be given controlling weight if it is well supported by

---

[1] There are other bases upon which the Commissioner may terminate disability benefits, however, those bases are inapplicable to the instant matter. *See* 42 U.S.C. § 423(f)(2)(3) and (4).

medically acceptable clinical and laboratory diagnostic techniques and it is not inconsistent with other substantial medical and non-medical evidence in the record." [Doc. 1, p. 11 (citing Martinez v. Chater, 64 F.3d 172 (5th Cir. 1995))] The ALJ ultimately found Dr. Segar's opinion was "not well-supported by medical evidence and [was] not consistent with other substantial evidence in the case, particularly the consultative psychological report by Dr. Buxton." [Doc. 1, pp. 11-12][2] Accordingly, the ALJ determined "Dr. Segar's opinion is not entitled to controlling weight." Id. at 12. The ALJ went on to find claimant could work as a laundry sorter, dishwasher and/or flat work finisher, based on the testimony of the vocational expert. The ALJ noted "the vocational expert testimony indicated no conflicts between the occupational evidence that he provided and information in the Dictionary of Occupational Title (DOT), including its companion publication, the Selected Characteristics of Occupations defined in the Revised Dictionary of Occupational Titles (SCO), published by the Department of Labor. [Doc. 1, p. 15].

The Magistrate Judge concluded in the Report and Recommendation "the Commissioner's finding of non-disability as of April 1, 2004 is not supported by *substantial* evidence in the record." [Doc. 12, p. 7 (emphasis added)] In reaching that conclusion, the Magistrate Judge found the ALJ had committed error by discounting the opinion of claimant's treating physician. Additionally, the Magistrate Judge concluded the ALJ erred in determining claimant had medically improved and erred in finding claimant could perform substantial gainful activity. In reaching this conclusion, the Magistrate Judge found claimant's treating

---

[2] Dr. Brown is a clinical psychologist who was assigned to evaluate claimant at the request of Disability Determination Services ("DDS").

physician *to be more persuasive* than other physician opinions in the record.

> As discussed by the Magistrate Judge in the Report and Recommendation:
>
> The ALJ is entitled to determine the credibility of the examining physicians and medical experts and to weigh their opinions accordingly. Although the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has sole responsibility for determining a claimant's disability status. The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. Further, the ALJ is responsible for assessing the medical evidence and determining the claimant's residual functional capacity. The ultimate issue of disability is reserved to the Commissioner. The opinion of a treating physician on this issue is not entitled to controlling weight, although it should be given appropriate weight depending on whether it is supported by the medical record.

[Doc. 12, p. 12 (citations and quotations omitted)] As noted by the Magistrate Judge, authority to determine the credibility of the examining physicians and medical experts is vested with the ALJ, and this Court's review of the ALJ's determination is quite restricted. *See* 42 U.S.C. § 405(g), *supra*. Although this Court, like the Magistrate Judge, has grave concern as to whether or not claimant will actually be able *to obtain and sustain* employment, under the law, it is the role of the ALJ to resolve conflicts in the evidence, and this Court cannot find there is a "conspicuous absence of credible choices" or "no contrary medical evidence" such that the Commissioner's decision is not supported by "substantial evidence" in the record *as defined by the jurisprudence*. *See* Johnson at 343-44. Furthermore, there is no indication the Commissioner's decision did not comport with relevant legal standards. Therefore, under the applicable standard of law as narrowly defined by the applicable jurisprudence, regretfully this Court must find there is sufficient evidence in the record from an expert the ALJ deemed credible, to support the ALJ's determination that claimant's impairment has improved such that claimant is currently able to engage in substantial gainful activity. Due to the foregoing,

the Court must AFFIRM the Commissioner's decision.

THUS DONE AND SIGNED this 18th day of July, 2007.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE